UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **LANE TYLER ADCOCK** | **CIVIL ACTION NO. 22-2190-P** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **STATE OF LOUISIANA, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Lane Tyler Adcock ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on July 20, 2022. Plaintiff, a pretrial detainee, is incarcerated at the Bossier Maximum Security Center in Plain Dealing, Louisiana. He names the State of Louisiana, the Bossier Parish Police Jury, Sheriff Whittington, the Bossier Parish Sheriff's Office, and the Bossier Maximum Security Center as defendants.

Plaintiff has been detained at Bossier Maximum Security Jail since June 15, 2021. He claims all the dorms have open showers with no curtains. He also claims each dorm shower is directly in front of a recording camera.

Plaintiff claims all deputies carry cell phones and use them openly in the control rooms. He claims the deputies have 50-60 inch monitors in the control rooms and could

be zoomed in watching him shower at any time and record him for resale or personal use without his consent or knowledge. He claims he has informed the Sergeant, Lieutenant, Captain, and Major multiple times that this is against the law and is video voyeurism.

Plaintiff claims that during the pandemic, it is paramount for him to stay clean in order to prevent the spread of sickness. He claims he is forced to expose himself if he showers.

Plaintiff claims that when he complained about the situation, he was maliciously told to "bathe in the toilet," "don't bathe," or that they did not care. He claims no attempt was made by anyone to curtain the showers. Plaintiff claims he is being stripped of his dignity. He claims his nakedness has attacked unwanted attention from other inmates. He claims he is constantly eye-balled and must watch his back against first degree rapists.

Plaintiff claims he did not consent to being recorded naked or showering. He claims the lack of a shower curtain makes him extremely susceptible to involuntary and sexually predatory behavior from other inmates and guards.

Accordingly, Plaintiff seeks monetary compensation.

For the following reasons, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

Congress has commanded that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Section 1997e requires Plaintiff to properly

exhaust available administrative remedies before filing a Section 1983 suit. See Woodford v. Ngo, 126 S.Ct. 2378 (2006). This exhaustion requirement requires proper exhaustion of administrative remedies in accordance with prison procedures, and an untimely or otherwise procedurally defective grievance or appeal will not suffice. Woodford, 126 S.Ct. 2378. The Fifth Circuit has applied the requirement to claims such as the use of excessive force, see Wendell, 162 F.3d at 887, and denial of medical care. See Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999). Failure to exhaust administrative remedies is an affirmative defense, and "inmates are not required to specifically plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). However, dismissal may be appropriate when, the complaint on its face establishes the inmate's failure to exhaust. See Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir.2007); Hicks v. Lingle, 370 Fed. Appx. 497, 498 (5th Cir.2010).

After reviewing Plaintiff's complaint, the court finds Plaintiff has failed to properly exhaust administrative remedies. Plaintiff admits that he did not file a grievance in the administrative remedy procedure [Doc. 4, p.2]. Accordingly, Plaintiff's complaint should be dismissed for failure to exhaust.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely

broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 11th day of October, 2022.

_____
Mark L. Hornsby
U.S. Magistrate Judge